IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:23-cv-00738

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) **SECOND**<br>)<br>) **DEFAULT JUDGMENT**<br>)<br>)<br>)<br>)<br>) |
| v. | |
| FORTY-THREE FIREARMS SEIZED ON OR ABOUT MAY 24, 2022 DURING A DRUG TRAFFICKING INVESTIGATION | |

**THIS MATTER** is before the Court on the United States of America's Motion for Default Judgment. (Doc. No. 11). For good cause shown, the Court will GRANT the Motion and enter this Second Default Judgment. The Court FINDS AS FOLLOWS:

## BACKGROUND

On November 6, 2023, the United States filed a Complaint (Doc. No. 1) against the defendant, forty-three firearms seized on or about May 24, 2022, during a drug trafficking investigation ("the Firearms"). The Complaint alleged that the Firearms constitute firearms used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 881(a)(11), and are therefore subject to forfeiture.

From December 15, 2023, through January 13, 2024, pursuant to Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(a), the Government provided Notice by Publication, (Doc. No. 4), of this action. Further, the Government mailed direct notice, (Doc. No. 3), of the Complaint to individuals with potential claims to the Firearms.

Thereafter, the Government received documents by two individuals purporting to have interests related to two of the firearms—Donald Vansteen as to the Benelli Super Black Eagle III

12 Gauge Shotgun and Debra Lowder as to the Colt Commander .45 Caliber Pistol. The Government mistakenly construed these documents as claims filed or to be filed on the docket, and thereafter obtained Default Judgment, (Doc. No. 8), as to everyone in the world except for Mr. Vansteen and Ms. Lowder.

The Government realized, based on further review of the documents submitted by Mr. Vansteen and Ms. Lowder, as well as telephonic communication between U.S. Attorney's Office staff and Ms. Lowder, that both documents are simply petitions for remission under 28 C.F.R. Part 9. In other words, the documents request that, following final forfeiture of the assets to the United States, the Executive Branch exercise its discretion as to whether to return the firearms. The documents are not filed on this docket and do not request Court action or challenge this forfeiture.

## LEGAL CONCLUSIONS

Fed. R. Civ. P. 55 (b)(2) provides for entry of the requested Default Judgment by the Court. Here, the United States has provided notice of forfeiture in accordance with the Federal Rules of Civil Procedure, Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G. The time-period for Mr. Vansteen and Ms. Lowder, and anyone else to file claims to any other Firearms in this case has expired. Finally, the Clerk has issued a Second Entry of Default. Therefore, the requested Second Default Judgment is appropriate.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the Government is entitled to a Second Judgment of by Default against the Defendant Property.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Government's Second Motion for Default Judgment, (Doc. No. 11), is hereby GRANTED, as to all entities and persons in the world including Donald Vansteen for the Benelli Super Black Eagle III 12 Gauge Shotgun and Debra Lowder for the Colt Combat

Commander .45 Caliber Pistol.

2. Any and all right, title, and interest of all other persons in the world in or to the Firearms is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

SO ORDERED.
Signed: April 29, 2024

Robert J. Conrad, Jr.
United States District Judge